**Catherine OWENS, Plaintiff–Appellant,**

v.

**ELMHURST HOSPITAL CENTER, Defendant–Appellee.**

No. 01–7104.

United States Court of Appeals, Second Circuit.

Dec. 10, 2001.

Catherine Owens, Cambria Heights, NY, (on the brief) pro se.

Edward F.X. Hart, Assistant Corporation Counsel, New York, NY; Michael D. Hess, Corporation Counsel of the City of New York, on the brief, for appellee.

Present JACOBS, SACK, and KATZMANN Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Catherine Owens, *pro se* and *in forma pauperis,* appeals the district court's dis-

missal of her complaint against Elmhurst Hospital Center ("Elmhurst") alleging discrimination based on race, color and sex, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and her amended complaint, which substituted the sex discrimination claim with one for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.*

The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) in September 2000 but stayed the dismissal for thirty days to permit Owens to file an amended complaint. Subsequent to the filing of Owens' amended complaint, on January 17, 2001, the district court dismissed the amended complaint for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), by order that states in its entirety: "For the reasons stated orally on the record, defendant's motion for dismissal of the the [sic] amended complaint is granted. The case is dismissed. The pro se clerk is to file a notice of appeal on behalf of the plaintiff." Record on App. doc. 15.

Unfortunately, the record on appeal does not contain a copy of the hearing referred to in the January 17 order. Nevertheless, it is unnecessary to trouble the district court with a remand for supplementation of the record when the bases for dismissal are so obvious.

Owen's claims of discrimination based on race, color and sex are non-viable under Fed.R.Civ.P. 12(b)(6) because her complaint does not make out a case of prima facie discrimination. This requires a showing that Owens: (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir.1997); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). There is no evidence to support even an arguable inference of discrimination based on race, color or sex; therefore, dismissal of these claims was proper.

Owen's allegation of discrimination based on age was also properly dismissed: Owens did not file a charge of discrimination raising this claim with the Equal Employment Opportunity Commission ("EEOC") or the New York City Commission on Human Rights ("NYCCHR"). "No action based on a claim of age discrimination may be brought in federal court unless the claim was properly raised with the EEOC...." *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 23 (2d Cir.1985) (citations omitted); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82–83 (2d Cir. 2001). Although there are exceptions to this rule, *see Butts v. City of New York Dep't of Hous. Preserv. and Dev.*, 990 F.2d 1397, 1402–03 (2d Cir.1993), none apply.

For the foregoing reasons, we affirm the district court's dismissal of Owens's complaint and amended complaint.